IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE C. LUA GARCIA,<br>Petitioner | : <br> : <br> : | No. 4:09-CV-0608 <br><br> Judge Jones |
| v. | : <br> : | <br> Magistrate Judge Blewitt |
| MARY SABOL, WARDEN,<br>Respondent | : <br> : | |

## MEMORANDUM

July 6, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 15) which recommends that the parties Joint Motion to Withdraw and Dismiss the Petition for Writ of Habeas Corpus (Doc. 14) be granted, and the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be dismissed as moot. No objections to the R&R have been filed.[1]

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to

---

[1] Objections were due on or before June 22, 2009. To this date, none have been filed.

1

dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court").

As noted above, no objections to the R&R have been filed. Because the Court agrees with the sound reasoning of the Magistrate Judge, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, the Court will not rehash the reasoning of the Magistrate Judge. Rather, we attach a copy of the R&R, as it accurately reflects our consideration and resolution of the matter. An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE C. LUA GARCIA, | : | CIVIL ACTION NO. **4:CV-09-0608** |
| Petitioner | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, WARDEN, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

### **I. Background.**

The Petitioner, Jose C. Lua Garcia, formerly an inmate at the York County Prison ("YCP"), York, Pennsylvania and now released from BICE's custody pursuant to a decision of the Immigration Court, (Doc. 14, filed, through counsel, this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus on April 2, 2009. (Doc. 1). Petitioner paid the required filing fee. Petitioner was confined in the Middle District of Pennsylvania and, thus, this District Court had jurisdiction over his Petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement). The Court ordered Respondent to respond to the Habeas Petition. (Doc. 4). On April 27, 2009, Respondent filed a Brief in opposition to the Habeas Petition, with Exhibits. (Doc. 8).

Since Petitioner initially named the wrong Respondent (*i.e.* District Director of BICE), on May 13, 2009, he filed an unopposed Amended Habeas Petition in which he named the proper

Respondent, namely the Warden at YCP. (Doc. 9).[1] On May 14, 2009, the Court ordered the Amended Habeas Petition to be served on the Warden at YCP and directed Respondent Warden to file her response to the Amended Habeas Petition. (Doc. 11).

On June 3, 2009, the government, on behalf of Respondent and Petitioner submitted a Joint Motion to Withdraw and Dismiss the Amended Habeas Petition. (Doc. 14).

In his Amended Habeas Petition, Petitioner stated that he was held in BICE custody at YCP since early February 2008, and he claimed that he was being improperly subject to mandatory detention under the INA, 8 U.S.C. §1226(c), due to his September 2008 conviction for driving under the influence of alcohol and driving with a suspended license, which conviction was not a ground for removability. Petitioner claimed that the mandatory detention provision under the INA, 8 U.S.C. §1226(c), did not apply to him because he was not convicted of any crime which constituted a basis for his remvovability after the expiration of the Transition Period Custody Rules ("TPCR"). Petitioner claimed that the government's interpretation of the § 1226(c) violated his due process rights. (Doc. 9).

As relief, Petitioner requested that the Court order his immediate release on his own recognizance or that the Court direct the immigration judge to hold an individual bond hearing for him to set a reasonable bond. (*Id.*, p. 7).

## II. Discussion.

In their Joint Motion to Withdraw and Dismiss the Amended Habeas Petition, counsel for

---

[1] We note that Petitioner named the proper Respondent in his Amended Habeas Petition, *i.e.* Warden at YCP. See 28 U.S.C. §§ 2242 and 2243.

2

both parties state that Petitioner's Amended Habeas Corpus Petition is moot since "Petitioner was released form Respondent's custody on or about May 20, 2009 after he obtained relief before the Immigration Curt pursuant to now repealed section 212(c) on the [INA] (8 U.S.C. §1182(c)(1996))." (Doc. 14, p. 2). The parties also stated that "because the issue presented in the [Amended] Petition is moot - Petitioner is no longer in custody- the parties request that the [amended] Petition be deemed withdrawn and the matter dismissed." (*Id.*, pp. 2-3).

Since we agree with the parties that Petitioner's Amended Habeas Petition is now moot, we shall not detail any further the factual background with respect to Petitioner's present claims.

As stated, it has been represented by the parties that on May 20, 2009, Petitioner was released from Respondent's custody. In his Amended Habeas Petition, Petitioner sought only his immediate release on ROR bond from BICE custody or for an individualized bond hearing. This Petition is now moot, as the parties contend. (Doc. 14). Thus, as the parties indicate, Petitioner's present challenge to his continued detention at YCP is moot since Petitioner has now been released from BICE custody.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id.* at 7. In the present case, Petitioner sought habeas relief only seeking release from BICE's custody and he claimed that BICE violated his due process rights by subjecting him to the mandatory detention provision of §1226(c). Thus, Petitioner claimed he was being unlawfully detained. The

3

question arises as to whether Petitioner's claims are moot since he has now been released from BICE custody. In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit. This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id.* (Citations omitted).

In *Nkemakolam v. Decker*, 2005 WL 2715905, *2 (M.D. Pa.), the Court stated:

> The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a " 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477. The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D.Pa. May 17, 2002) (Vanaskie, C.J.).

Because Petitioner Garcia is no longer being detained at YCP by BICE, his Amended Habeas Petition is moot. The relief Petitioner requested, *i.e.* for the Court to order him released on his own recognizance or on bond, cannot be granted by the Court in light of his release from BICE custody. We find that Petitioner no longer has a case or controversy before this Court, since he does not presently have any adverse effects regarding his prior detention by BICE due to his release.

Accordingly, we find that Petitioner's release from federal custody truly constitutes an end

4

to his detention. Petitioner is no longer threatened with any actual injury traceable to Respondent and likely to be redressed by a favorable decision by this Court. Thus, there is no longer any case or controversy presented by Petitioner's Amended Habeas Corpus Petition. We therefore conclude that Petitioner's Amended Habeas Corpus Petition should be dismissed as moot as the parties request. See Cox v. McCarthy, 829 F.2d 800, 802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible); Phat v. Gonzales, 2007 WL 2407287 (M.D. Pa.)(habeas petition of alien in custody of ICE challenging his continued detention was moot since Petitioner was released from ICE custody on an order of supervision); Nkemakolam v. Decker, 2005 WL 2715905 (M.D. Pa.) (habeas Petition was dismissed as moot since Petitioner was granted a cancellation of removal and released from ICE custody); Brown v. Attorney General, Civil No. 09-0681, M.D. Pa.

Moreover, in his Amended Habeas Petition, the Petitioner requested as relief that he be released from BICE custody on ROR or on bond. As stated, BICE has now released Petitioner from custody on May 20, 2009. We find that Petitioner is not currently suffering from an actual injury traceable to the Respondent since he has been released from federal custody. Thus, we find that there is no longer a case or controversy presented. The Petitioner's claims are moot since he has been released from YCP by BICE and he is no longer being detained, and there are not any collateral consequences alleged as a result of the BICE's detention of him. See Williams v. Sherman, 214 Fed. Appx. 264 (3d Cir. 2007); Hinton v. Miner, 138 Fed. Appx. 484 (3d Cir. 2005); and Ruiz v. Smith, Civil No. 05-2412, M.D. Pa. (4-5-07 Order, J. Nealon) (Petitioner's release from BOP custody rendered habeas petition moot even though Petitioner was placed on supervised release).

We find that, based on the above discussion, Petitioner's Amended Habeas Petition is moot regarding his attack on his mandatory detention. Because the Petitioner's habeas corpus claims are now moot, we shall recommend that the Motion of the parties to dismiss his Amended Habeas Petition be granted.

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that the Joint Motion of the parties to Dismiss Petitioner's Amended Habeas Petition (Doc. 14) be granted and Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 9) be dismissed as moot.

<div style="margin-left:40%">

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

</div>

**Dated: June 4, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE C. LUA GARCIA, | : | CIVIL ACTION NO. **4:CV-09-0608** |
| Petitioner | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| MARY SABOL, WARDEN, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 4, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

<div style="text-align: right;">

_____ s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

</div>

**Dated: June 4 2009**